UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    4/22//2022
```

KEVIN YAN LUIS,

                        Plaintiff

        -against-

MEDLEY, INC.,

                        Defendant.

22-CV-02260 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Kevin Yan Luis ("Plaintiff") commenced the instant action against Defendant Medley, Inc. ("Defendant") asserting claims for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq*., New York State Human Rights Law, N.Y. Exec. Law § 292 *et seq*., New York State Civil Rights Law, N.Y. C.L.S. § 40 *et seq*., and New York City Human Rights Law, N.Y.C. Admin. Code § 8-102, *et seq*.  (ECF No. 1.)  In short, Plaintiff is alleging that Defendant failed to design and operate a website that is fully accessible and independently usable by blind or visually impaired persons.  (*Id*. ¶ 4.)  A review of the Complaint's allegations reveals that Defendant is an Oregon Limited Liability Company, and Plaintiff has at all relevant times resided in Kings County (Brooklyn) and that the events or omissions giving rise to Plaintiff's claims occurred there as well.  (*See id*. ¶¶ 4–18.)  Notwithstanding, Plaintiff alleges that venue is proper in this District because "Defendant conducts and continues to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District because Plaintiff attempted to utilize, on a number of occasions, the subject Website within this Judicial District."  (*Id*. ¶ 13.)

Under 28 U.S.C. § 1391(b), the federal venue statute, a civil action may be commenced in:

> (1)a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). "After finding that venue is wrong, '[w]hether dismissal or transfer is appropriate lies within the sound discretion of the district court.'" *Padilla v. City, Town, or Municipality of Dallas Co., Texas*, No. 3:19CV1115(VAB), 2019 WL 3766375, at *3 (D. Conn. Aug. 9, 2019) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)). Transfer should be the usual remedy for improper venue. *See* 17 Moore's Federal Practice ¶ 111.34 (3d ed. 2020) ("Ordinarily, transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating."). "When a plaintiff's choice of venue is improper, a district court may *sua sponte* transfer the case . . . ." *Ventricelli v. Nicklin*, No. 119CV0230, 2020 WL 132334, at *3 (N.D.N.Y. Jan. 13, 2020); *see also MRP, LLC v. Barr & Barr, Inc*., No. 11 CIV. 0896 (DAB), 2011 WL 13266913, at *1 (S.D.N.Y. Mar. 7, 2011) (where venue is improper, "courts may *sua sponte* transfer cases.") (citing cases).

As discussed above, the Complaint's allegations clearly allege that Plaintiff resides in Kings County (Brooklyn), and it appears that the events or omissions giving rise to Plaintiff's claims, his attempts to access Defendants website, occurred there as well. (*See* Compl. ¶¶ 4–18.) Moreover, there does not appear to be any specific connection to this venue.

Accordingly, the Court TRANSFERS the instant action to the United States District Court

for the Eastern District of New York *sua sponte*.  The Clerk of the Court is directed transfer this file to the Eastern District of New York and that all pending motions, if any, will be addressed by the transferee court.

Dated:      April 22, 2022                                      SO ORDERED:
       White Plains, New York

_____
       NELSON S. ROMÁN
     United States District Judge